**Edward MORIN, Appellant,**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Appellee.**

**No. 5453.**

Court of Civil Appeals of Texas, Eastland.

July 17, 1980.

Rehearing Denied Aug. 14, 1980.

John W. Primomo, Rizik & Primomo, San Antonio, for appellant.

Robert J. Rosenbach, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellee.

DICKENSON, Justice.

This case involves a claim for damage to an automobile after it was repossessed by the secured party, General Motors Acceptance Corporation, and before it was redeemed by the debtor, Edward Morin. Judgment notwithstanding the verdict was rendered in favor of General Motors Acceptance Corporation. Morin appeals. We affirm.

Morin's 1973 Chevrolet automobile was repossessed on July 20, 1977. The automobile was subsequently redeemed by Morin, in compliance with Tex.Bus. & Com.Code Ann. § 9.506 (Vernon Supp. 1980), and it was returned to him. At that time the engine and other parts were missing, and there were dents and other damages to the automobile. The verdict of the jury may be summarized as follows:

1. The 1973 Chevrolet Nova did have an engine in it when GMAC obtained possession.

2. The 1973 Chevrolet Nova was "intact" when GMAC obtained possession.

3. GMAC was negligent in its care of the 1973 Chevrolet Nova while it was in the possession of GMAC.

4. Such negligence proximately caused the damage.

5. The market value of the 1973 Chevrolet Nova at the time GMAC obtained possession was $2,025.00.

6. The market value of the 1973 Chevrolet Nova when it was returned to Morin was $30.00.

General Motors Acceptance Corporation moved for judgment notwithstanding the verdict, contending there is no legally competent evidence to support the jury's answer to each issue. That motion was granted by the trial judge, and judgment was rendered that Morin take nothing. Morin has briefed one point of error, arguing that the trial court erred in granting judgment notwithstanding the verdict of the jury.

In reviewing a judgment notwithstanding the verdict, an appellate court must consider only the evidence and inferences which support the jury's finding, disregarding all evidence and inferences to the contrary. *Miller v. Bock Laundry Machine Company*, 568 S.W.2d 648 (Tex.1977); Tex. R.Civ.P. 301. Based upon this standard of review, we find evidence to support the jury's answers to issues 1, 2, 5 and 6 and no evidence to support the jury's answers to issues 3 and 4. There is evidence which will support an inference that the damage occurred after the automobile was repossessed, but there is no evidence as to whose negligence caused the damage. The record shows that the automobile was towed by an independent contractor and stored on a lot belonging to a third party.

This is not a res ipsa loquitur case, and it is not a bailment case. It is a case involv-

ing a repossession under Tex.Bus. & Com. Code Ann. § 9.503 (Vernon Supp.1980) which provides in pertinent part that:

Unless otherwise agreed a secured party has on default the right to take possession of the collateral. . . .

Tex.Bus. & Com.Code Ann. § 9.207 (1968) became applicable when General Motors Acceptance Corporation took possession of the automobile. It provides that:

(a) A secured party must use reasonable care in the custody and preservation of collateral in his possession. . . .

(b) . . . (2) the risk of accidental loss or damage is on the debtor . . . .

There is no evidence that the secured party, General Motors Acceptance Corporation, failed to use reasonable care in the custody and preservation of the automobile. We, therefore, overrule Morin's single point of error, and we need not discuss the crosspoints.

The judgment of the trial court is affirmed.